UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| MARK B. DAVENPORT, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:11-CV-402-PPS |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

I remanded Plaintiff Mark Davenport's social security case because the Administrative Law Judge failed to consider all of Davenport's impairments when determining his residual functional capacity to work. Plaintiff has now submitted an application for attorney's fees [DE 29]. Because I find that the government was not substantially justified in denying Plaintiff's benefits on the record before it, the fee petition is granted in part.

Davenport sought judicial review of the ALJ's decision arguing that the ALJ erred in four ways. First, the ALJ failed to give proper controlling weight to his treating physician's medical opinion. Second, the ALJ did not properly consider his mental disabilities in her analysis. Third, he argued that the ALJ improperly used boilerplate language to reject his treating physician's opinion. Finally, he objected to a hypothetical used by the ALJ when she analyzed whether he had sufficient residual capacity to work at a reasonably available job [DE 18 at 10-21].

After a thorough review of the briefing and the administrative record, I remanded Davenport's case because the ALJ's opinion failed to consider Davenport's mental impairment

1

when assessing his residual functional capacity for work. Davenport now seeks attorneys' fees under the Equal Access to Justice Act (EAJA). [DE 29]

The EAJA provides that a litigant is entitled to recover attorneys' fees if (1) she was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no special circumstances exist that would make an award unjust; and (4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The government doesn't dispute that Davenport is a prevailing party and that his petition is timely. It contends, however, that its position was substantially justified [DE 32 at 1].

Attorneys' fees may be awarded under the EAJA if either the government's pre-litigation conduct or its litigation position lacked substantial justification. *Cunningham*, 440 F.3d at 864; *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The ALJ's decision is considered part of the government's pre-litigation conduct, so I only need to make one determination for the entire civil action regarding whether the government's position was substantially justified. *Golembiewski*, 382 F.3d at 724. To be substantially justified, the government's position "must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [the] legal theory." *Cunningham*, 440 F.3d at 863-64 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Golembiewski*, 382 F.3d at 724. The government has the burden on the question of substantial justification. *Golembiewski*, 382 F.3d at 724.

The ALJ's finding that Davenport had residual functional capacity to perform light work was not substantially justified. As I found in my remand order, the ALJ completely ignored Davenport's mental impairment when making the determination. Federal regulations expressly require that an ALJ consider *all* impairments – both severe and non-severe – when assessing a

2

claimant's residual functional capacity to work. *See* 20 C.F.R. § 404.1523. This is well-settled law and has been reiterated many times. *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010); *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009); *Parker v. Astrue*, 597 F.3d 920, 923 (7th Cir. 2010); *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003).

The ALJ failed to do this. She found that Davenport suffered from a non-severe depressive disorder. Since it was non-severe, the ALJ ignored it, only considering Davenport's severe back problem when she determined his residual functional capacity. This was a mistake, as even mild impairments can put a disproportionally greater strain on a person concurrently suffering from a more severe affliction, and thus it is the combination of impairments that must be considered. *See Paker*, 597 F.3d at 923.

Because the ALJ ignored well-established law and the agency's own regulations in failing to consider Davenport's mental impairment, I find that the government's position was not substantially justified. *See Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009) (violation of "clear and long judicial precedent" as well as agency's own rules not substantially justified); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259–60 (9th Cir. 2001) (failure to follow agency's own regulations not substantially justified); *Garcia v. Schweiker*, 829 F.2d 396, 400 (3d Cir.1987) (failure to follow well-established precedent not substantially justified); *Jenkins v. Astrue*, 544 F. Supp. 2d 736, 741 (N.D. Ind. 2008) (same).

Having found that Davenport is entitled to attorney's fees, I must now decide whether the requested attorney's fees are reasonable. This is done by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See INS v. Jean*, 496 U.S. 154, 161 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Hours that are excessive, redundant, or otherwise
3

unnecessary must be excluded. *Hensley*, 461 U.S. at 434.

In his application, Davenport's counsel initially sought to recover a fee totaling $8,405.03. The fee request included 1.64 hours of attorney time billed at a rate of $180.50 per hour in 2011; 21.63 hours of attorney time billed at a rate of $183.75 in 2012; 3.02 hours billed by a law clerk with a J.D. at a rate of $125.00 per hour; and 37.57 paralegal and law clerk hours billed at a rate of $100.00 per hour. In his reply in support of his application for fees, Davenport moved for an additional fee of $475.20 for the 2.64 hours of attorney time spent reviewing the government's response brief and drafting a reply brief. The total request is thus for $8,880.23.

The government does not object to the proposed hourly rates. I find that the proposed billing rates for law clerk and paralegal time are reasonable and based on law clerk and paralegal billing rates approved in similar cases. *See, e.g., Chorak v. Astrue*, No. 2:11-CV-114, 2012 WL 1577448 (N.D. Ind. May 4, 2012); *Begoun v. Astrue*, No. 09 C 1555, 2011 WL 3626601 (N.D. Ill. Aug. 17, 2011); *Seamon v. Barnhart*, No. 05-C-0013-C, 2006 WL 517631 (W.D. Wis. Feb. 23, 2006).

But there is one problem with Davenport's application for fees: it is inconsistent as to the rate his attorney should be paid. On the one hand, he requests an award based on billing rates of $180.50 and $183.75 per hour (depending upon the year) [DE 29 at 3-4]. Yet in the very next paragraph he states that he is only entitled to a rate of $175.00 per hour [DE 29 at 4]. Davenport arrives at the $175.00 rate based upon consumer price index calculations that he attaches to his application [DE 29-2]. For 2011, the $175 rate is consistent with the appropriate cost of living adjustment to the statutory rate of $125. Since that rate is consistent with the cost of living adjustment, and Davenport has failed to justify or support his request for higher rates for 2011

4

and 2012, I will reduce the hourly rate for the attorney's time to $175.00.

The government argues that the 63.86 hours Plaintiff's counsel billed in this matter is excessive and requests that I reduce the award by 15 hours. They argue that the billing is redundant. For example attorney Frederick J. Daley billed 7.21 hours editing the opening brief that his law clerk had already spent 32.6 hours drafting. Further, both Mr. Daley and his clerk billed a couple of hours apiece for reviewing and summarizing the record. Finally, the government argues that the a law clerk billed 1.29 hours for clerical tasks like docketing and scanning at the $125.00-per-hour rate for a law clerk with a J.D.

I find that hours were reasonably expended. First, it appears from the submissions that the hours spent by Mr. Daley revising the brief and reviewing the record were not redundant. Instead, the submissions show that the senior attorney, Mr. Daley, assigned his law clerk the task of doing legal research and producing the initial draft of the brief, which he then revised. This is entirely common and appropriate practice and has been approved in similar instances. *See Reed v. Astrue*, No. 08-C-5604, 2010 WL 669619, at *3, n.19 (N.D. Ill. Feb 19, 2010) (collecting cases approving the practice). Further, both Mr. Daley and the clerk needed to be familiar with the record in order to do their job, so time spent reviewing the record was not inappropriate.

Second, Suzanne E. Balz, the law clerk with a J.D., did not perform clerical tasks. Instead, the submissions show she billed time for tasks such as docketing, preparing and submitting court documents, and discussing the case with attorneys and the client. These types of activities are not clerical in nature and are compensable at the $125 rate. *Holland v. Barnhart*, No. 02 C 8398, 2004 WL 419871, at *2 (N.D. Ill. Feb. 3, 2004) (holding that the preparing and submitting of court documents, serving process and discussing the case with attorneys were the

5

types of tasks normally conducted by paralegal, and were thus billable at the paralegal, rather than clerical, rate.)

So although the amount of time Davenport's counsel billed on this case was on the high end, it was ultimately reasonable. Plaintiff's counsel reviewed a lengthy record and produced a 22-page brief making four distinct arguments, which was ultimately successful. Further, the bulk of this work was done by law clerks, and thus billed at a lower rate. As long as the amount of hours expended is within a realm of reasonableness – and these are – I am reluctant to second-guess the time spent by counsel preparing a case. *Groskreutz v. Barnhart*, No. 02-C-454-C, 2005 WL 567814 (W.D. Wis. Feb. 28, 2005). I therefore find that, at the adjusted attorney rate of $175 per hour, Davenport is entitled to an award of $8,668.75.

There is one final issue to decide. The government objects to the direct payment of fees to Plaintiff's counsel on the grounds that doing so would bypass the Department of Treasury's centralized federal debt offset program. Davenport contends that the government has not alleged any outstanding federal debt, and that in the absence of verification that he owes any debt to the federal government, fees should be paid directly to his counsel. Davenport explains that paying his counsel directly honors his assignment of EAJA fees to counsel and prevents a potential collection problem. The Supreme Court held in *Astrue v. Ratliff*, 130 S.Ct. 2521, 2526–27, 177 L.Ed.2d 91 (2010), that EAJA fees can be administratively offset for federal debt repayment because they are awarded to the plaintiff, and not to the plaintiff's counsel. Yet, the *Astrue* court further suggested that where there is a valid assignment of the EAJA fees and no evidence of federal debt prior to the assignment, the payment of the fee award directly to the plaintiff's counsel may be appropriate. *Id.*; *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565-66 (7th Cir.

2011) (noting that where the plaintiff executed a valid assignment and has no pre-existing federal debts, "to ignore the assignment and order the fee paid to [the plaintiff] would just create a potential collection problem for the lawyer").

Here, the Commissioner only speculates that Plaintiff might have a debt to the United States, but provides no proof that a debt exists [DE 32 at 9]. I am reluctant to create a collection burden, or at least a further delay in payment, for Plaintiff's counsel on mere speculation. Therefore, I grant Davenport's request that EAJA fees be paid directly to his counsel as set forth in their fees agreement. See *Williams v. Astrue*, No. 11-C-2053, 2013 WL 250795, at *3 (N.D. Ill. Jan.23, 2013) (ordering that EAJA fees be paid directly to counsel); *Bias v. Astrue*, No. 11-C-2247, 2013 WL 615804, at *3 (N.D. Ill. Feb.15, 2013) (same); *Fleming v. Astrue*, No. 10-C-3043, 2011 WL 4585240, at *3 (N.D. Ill. Sept. 27, 2011) (same).

## CONCLUSION

For the reasons stated above, I find the government's position to be without the reasonable basis in law and fact required to render it substantially justified. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Davenport's petition for attorney's fees [DE 29]. The clerk shall enter **JUDGMENT** on the award of fees. Defendant Commissioner of Social Security is **ORDERED** to pay Davenport's attorneys' fees in the amount of **$8,668.75** directly to Davenport's attorney, Frederick J. Daley.

**SO ORDERED.**

ENTERED: October 17, 2013  /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT